IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT GUZMAN, | ) | No. C 06-5241 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| M. S. EVANS, Warden, | ) | (Docket Nos. 3, 5, 7, 8) |
| Respondent. | ) | |

**INTRODUCTION**

Petitioner, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has also filed a motion to proceed *in forma pauperis*, which is now GRANTED (docket no. 3). This order directs Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition, Petitioner was convicted after trial in Santa Clara County Superior Court of murder in the first degree and sentenced to life in prison without the possibility of parole. Petitioner appealed his conviction to the California Court of Appeal in 2005. The Supreme Court of California denied Petitioner's petition for review in 2005. Petitioner filed this federal habeas petition on August 25, 2006.

**DISCUSSION**

1     I        Standard of Review

2          This court may entertain a petition for a writ of habeas corpus "in behalf of a

3 person in custody pursuant to the judgment of a State court only on the ground that he is

4 in custody in violation of the Constitution or laws or treaties of the United States."  28

5 U.S.C. § 2254(a).

6          It shall "award the writ or issue an order directing the respondent to show cause

7 why the writ should not be granted, unless it appears from the application that the

8 applicant or person detained is not entitled thereto."  *Id.* § 2243.

9     II        Legal Claims

10          The petition raises the following grounds for relief: (1) insufficient evidence

11 supports Petitioner's conviction; (2) the trial court's admission of former testimony of a

12 witness violated Petitioner's confrontation rights; (3) Petitioner's due process rights were

13 violated by the admission of prejudicial hearsay; (4) prosecutorial misconduct; (5) the

14 trial court's failure to provide an accomplice instruction violated Petitioner's rights to

15 due process and a fair trial; and (6) ineffective assistance of trial counsel.  Liberally

16 construed, it does not appear from the face of the petition that Petitioner is not entitled to

17 relief.  Accordingly, Respondent is ordered to respond to the petition as set forth below.

18     III       Petitioner's Motions Seeking Expansion of Record and Discovery

19          Petitioner has filed certain motions seeking expansion of the record, production of

20 documents and discovery and leave to conduct discovery (docket nos. 5, 7, 8).  However,

21 the petition has not yet been served on Respondent.  As such, Respondent is directed to

22 respond to Petitioner's motions when Respondent files an answer to the petition (docket

23 nos. 5, 7, 8).

24                            **CONCLUSION**

25        For the foregoing reasons and for good cause shown,

26        1.  The Clerk shall serve by certified mail a copy of this order and the petition, and

27 all attachments thereto, on Respondent and Respondent's attorney, the Attorney General

28

1    of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2            2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)**

3    days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

4    Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

5    not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all

6    portions of the state trial record that have been transcribed previously and that are relevant

7    to a determination of the issues presented by the petition.  If Petitioner wishes to respond

8    to the answer, he shall do so by filing a traverse with the Court and serving it on

9    Respondent within **thirty (30)** days of his receipt of the answer.

10            3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

11    answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

12    Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court

13    and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**

14    days of receipt of the motion, and Respondent shall file with the Court and serve on

15    Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

16            4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep

17    the Court informed of any change of address by filing a separate paper captioned "Notice

18    of Change of Address."  He must comply with the Court's orders in a timely fashion.

19    Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

20    to Federal Rule of Civil Procedure 41(b)

21

22            IT IS SO ORDERED.

23

24    DATED:   02/09/07

                                                    JEFFREY S. WHITE
25                                                  United States District Judge

26

27

28

3