IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT GUZMAN, | ) | No. C 06-5241 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER ADDRESSING PENDING** |
| | ) | **MOTIONS** |
| vs. | ) | |
| | ) | |
| M. S. EVANS, Warden, | ) | (Docket Nos. 29, 33, 39, 44, 46) |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Sacramento in Represa, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On February 22, 2008, this Court ordered Respondent to show cause why the amended petition should not be granted. Further, the Court denied Petitioner's motion for discovery for failure to show good cause. Thereafter, Respondent filed two motions seeking an extension of time to file an answer which are now GRANTED (docket nos. 29, 33). Respondent's answer to the amended petition, filed on May 28, 2008, is deemed timely filed. Respondent's motion seeking leave to file excess pages is GRANTED (docket no. 39).

Thereafter, Petitioner filed a traverse to Respondent's answer on June 16, 2008. He has also filed a motion to schedule an evidentiary hearing (docket no. 44). Petitioner's motion for an evidentiary hearing is DENIED as premature (docket no. 44). The Court will reconsider the motion when the petition is considered on the merits.

Petitioner has also filed a motion seeking appointment of counsel (docket no. 46). However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728.

The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

The denial of appointment of counsel is reviewed for abuse of discretion. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion where pleadings illustrate that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions; *Bashor*, 730 F.2d at 1234 (although petitioner was over 60 years of age and had no background in law, he thoroughly presented issues in petition and accompanying memorandum).

In the motion, Petitioner argues that the prison's restrictions on his possession of legal materials, cases and paper denies him meaningful access to the courts and,

2

therefore, requires that pro bono be appointed to represent him.  However, although Petitioner has established the difficulties of litigating for a *pro se* petitioner, he has not established that he meets the standard of exceptional circumstances necessitating the appointment of counsel.  Through his pleadings, Petitioner has shown that he is able to effectively raise and address the issues before the Court.  Therefore, the Court concludes that the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel (docket no. 46) is DENIED without prejudice.

       IT IS SO ORDERED.

DATED:  February 12, 2009

JEFFREY S. WHITE
United States District Judge

1                              UNITED STATES DISTRICT COURT

2                                      FOR THE

3                        NORTHERN DISTRICT OF CALIFORNIA

GILBERT GUZMAN,

                            Case Number: CV06-05241 JSW

          Plaintiff,           **CERTIFICATE OF SERVICE**

   v.

M.S. EVANS et al,

         Defendant.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 12, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gilbert Guzman
Salinas Valley State Prison
T65316
P.O. Box 1050
Soledad, CA 93960

Dated: February 12, 2009

                              *Jennifer Ottolini*
                            Richard W. Wieking, Clerk
                            By: Jennifer Ottolini, Deputy Clerk